NAPTOÍT, J.
This was an action of debt commenced in tbe Benton Circuit Court, by tbe administrator of I-Ieatb against Powers and Asbly npon a bond for tbe payment of one thousand dollars. Tbe case was removed to the Circuit Court of Polk county, and was there tried upon tbe issue of non est factum, and a verdict and judgment given for the plaintiff. The change of venue had been ordered in 184.6, and at tbe April term of tbe Polk Circuit Court, 1848, tbe defendant moved to suppress tbe deposition of Richard B. Heath, because it bad not been certified or authenticated as the law required. This motion was overruled. At the same term, tbe death of O’Bryan, to whose use tbe suit -was brought, was suggested by tbe defendant, and the court directed security for costs to be given to indemnify tbe nominal plaintiff. At tbe April term, 1849, tbe defendant, Powers (tbe suit having been previously dismissed as to Ashly), moved to dismiss tbe suit upon the following grounds. 1. Want of due diligence in its prosecution. 2. Ho renewal of tbe suit since tbe deatli of O’Bryan. 3. The failure to give bond by tbe cestui que use. This motion was overruled and an exception taken. At tbe October term of tbe same year a motion was made to strike tbe cause from tbe docket, because of some informality in tbe change of venue ; tbe defendant insisting that the Polk Circuit Court bad no jurisdiction. This motion was overruled. In support of tbe motion, it appeared tbe application for a change of venue was signed by tbe attorneys of tbe nominal plaintiff, and tbe affidavit was made by one Th. B. Smith who professed to be interested in tbe suit.
On the trial of tbe cause at that term, tbe plaintiff offered in evidence an obligation conforming in substance to tbe.one declared on, except that the money was to be paid “without defalcation or discount.” An objection was *110 made on account of variance, but the objection was overruled. The declaration averred that the defendants, on, &c., at, &c., by their certain writing obligatory, sealed with their seals, &c., obligated themselves to pay,'on or before the 25th day of December, 1842, to one Richard B. Heath, for value ■> received, the sum of one thousand dollars, and then and there delivered the said bond, &c.
The first error alleged is the affidavit for a change of venue. Without passing any opinion upon the formality of the affidavit, we consider the objection as coming too late. The venue had been changed, and the parties taken several steps in the cause, prior to the motion to dismiss the case for want of jurisdiction. That the Circuit Court of Polk county had jurisdiction of the subject matter of this suit, is beyond dispute. The voluntary appearance of the defendants during the progress of the cause, subsequent to its removal to Polk county, ga,re the court of that county, jurisdiction over their persons, and any informalities in the application for a change of venue, were thereby waived.(a)
We are not of the opinion that there was any material variance between the bond offered in evidence, and that described in the declaration. The declaration did not profess to set out the bond in so many words, but merely described its substance. The bond produced, contained everything which the declaration described it as containing. The words of the bond, omitted to be stated in the declaration, “without defalcation or discount,” wore inserted for the benefit of the plaintiffs. Their omission could not possibly prejudice, the defendants.
The objection to the deposition of Heath is not an available one hero, even if the facts were as suggested. It does not appear from the record that the deposition was read on the trial. Judgment affirmed.

(a) Whiting et al. v. Budd, 5 Mo. R. 446; Lutes et al. v. Perkins, 6 Mo. R. 59; Pratte v. Corl, 9 Mo. R. 165; McAdams v. McHenry, 22 Mo. R. 413; Whithers v. Rodgers, 24 Mo. R. 340.